**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIEN NORMIL,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-73273<br><br>Agency No. A200-194-706<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Adrien Normil's motion to remand proceedings to the Board of Immigration

Appeals ("BIA") and to hold the briefing schedule in abeyance (Docket Entry No.

20) is denied.

Normil, a native and citizen of Haiti, petitions for review of the BIA's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Normil's contentions as to the preparation of his asylum application and the IJ's denial of a continuance. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

Substantial evidence supports the agency's adverse credibility determination in light of the inconsistencies surrounding the single incident of physical harm that Normil allegedly suffered in Haiti. *See Shrestha*, 593 F.3d at 1047; *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (explaining that "inconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination"). In the absence of credible testimony, in this case, Normil's asylum claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**